Filed 7/23/13  P. v. Morales CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISRAEL SEBASTIAN MORALES,<br><br>    Defendant and Appellant. | H038311<br>(Santa Clara County<br>Super. Ct. No. C1114025) |

Defendant Israel Sebastian Morales pleaded no contest to second degree robbery and admitted a prior conviction for a serious felony.  (Pen. Code, § 212.5, subd. (c); Pen. Code, § 667, subd. (a).)  Before sentencing, defendant moved to withdraw his plea, and moved for substitution of counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).  The court denied both motions and sentenced him to six years in state prison under the terms of his plea agreement.

Defendant contends the trial court erred in denying his motions because, at the *Marsden* hearing, defense counsel told the court defendant was "playing games," undermining defendant's credibility and causing a breakdown in the attorney-client relationship.  He argues that the court should have granted his motion to withdraw his plea or should have postponed the case for a further hearing after appointing new

counsel.  Respondent contends the trial court properly denied the defendant's motions.
We agree with respondent and affirm the decision below.

## FACTS[1]

Defendant borrowed a teenager's cell phone but used it longer than he was
allowed.  When the victim asked defendant to return the phone, defendant acted in a
threatening and menacing manner, and expressed his intent to keep the phone until he
was ready to return it.  The victim then surrendered his phone out of fear.

## PROCEDURAL BACKGROUND

Defendant was charged by felony complaint with one count of robbery in the
second degree.  The complaint further alleged that appellant had a prior strike for a
serious felony conviction and three prison priors.

Defendant entered into a plea agreement.  He pleaded no contest to second degree
robbery and admitted the prior strike.  In exchange, defendant received a six-year
sentence, he was ordered to pay restitution, and the District Attorney dismissed the
remaining allegations.

Before sentencing, defendant moved to withdraw his no contest plea and moved
for substitution of counsel under *Marsden*.  The court held a *Marsden* hearing
and allowed defendant and his attorney to speak in regard to the motion.

Defendant alleged counsel failed to obtain discovery, failed to contact witnesses,
failed to file a *Romero* motion, failed to show letters of recommendation to the court,
failed to communicate with him, and coerced him into pleading no contest.  In response,
defense counsel offered tactical explanations for her decisions.  She also recalled
describing to defendant the weight of the evidence and his options.  And she stated that
she felt defendant was playing games because he was indecisive about pleading or

---

[1] Our summary of the facts is based on defense counsel's statements at the *Marsden*
hearing.

proceeding with the preliminary hearing.  After defendant and counsel were heard, the court found no deficiency in representation and denied both motions.

DISCUSSION

I.      *Contentions*

Defendant contends that the *Marsden* motion should have been granted.  He claims his appointed counsel argued against his interest and undermined his credibility when she stated defendant was "playing games."

Respondent contends that the trial court properly denied defendant's *Marsden* motion.  Respondent argues that the context of the interaction between the appellant and defense counsel, a *Marsden* hearing, was an appropriate venue for defense counsel to address defendant's complaints.

II.     *Standard of Review*

We review the denial of a *Marsden* motion for abuse of discretion.  (*People v. Memro* (1995) 11 Cal.4th 786, 857.)  "Denial 'is not an abuse of discretion unless the defendant has shown that a failure to replace the appointed attorney would "substantially impair" the defendant's right to assistance of counsel.  [Citations.]' "  (*People v. Barnett* (1998) 17 Cal.4th 1044, 1085.)

III.    *Defense Counsel Provided Relevant Information to the Court During the Marsden Hearing*

It is well established that *Marsden* hearings provide a forum for defendants to present complaints about the effectiveness of their counsel and seek removal.  (*Marsden, supra,* 2 Cal.3d at p. 126.)  Defendants can confidentially voice their concerns because *Marsden* hearings are held in camera.  (*People v. Dennis* (1986) 177 Cal.App.3d 863, 871.)  *Marsden* hearings also afford defense counsel "the opportunity to address the defendant's concerns with respect to the defendant's representation and to explain counsel's performance."  (*People v. Horton* (1995) 11 Cal.4th 1068, 1123.)  The parties ultimately aid the court in determining whether the complaining party received adequate

representation or whether defendant and counsel "have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result." (*People v. Memro*, *supra*, 11 Cal.4th at p. 857.)

In *People v. Smith* (1993) 6 Cal.4th 684, a defendant who pleaded guilty to felony charges pursuant to a plea agreement sought to withdraw his plea prior to sentencing, and claimed his court-appointed attorney provided ineffective assistance. (*Id.* at p. 687.) At a *Marsden* hearing, defense counsel responded to each of defendant's complaints. (*Id.* at p. 688.) In addition, defense counsel admitted to arguing with the defendant on the day set for trial. (*Ibid.*) He admitted to becoming "a little irritated" with the defendant, and using foul language when he became "fed up with the accusations." (*Ibid.*) The Supreme Court of California upheld the denial of the *Marsden* motion and concluded that although some "heated words" were expressed, substitution of counsel was not required. (*Id.* at p. 687.)

Defendant argues that defense counsel's allegation that he was "playing games" went beyond addressing particular claims, damaging his credibility and establishing a breakdown in the attorney-client relationship sufficient to grant a *Marsden* motion. Defense counsel, in fact, stated several times during the *Marsden* hearing that defendant was "playing games." Nevertheless, the statement's effect on defendant's credibility is not a determining factor as to whether the court should grant a *Marsden* motion. Instead, the court should remove counsel only if defendant is not adequately represented or if an irreconcilable conflict between defendant and counsel is likely to result in ineffective representation. (*People v. Memro, supra,* 11 Cal.4th at p. 857.) Here, counsel investigated her client's case and presented defendant with his options. She was also prepared to either accept the plea offer or move forward with the preliminary hearing. The statements made by defense counsel during the *Marsden* hearing, as in *Smith*, "did not have to do with the substance of the ability of [defense counsel] to properly

represent" the defendant, and therefore the trial court properly denied the *Marsden* motion. (*People v. Smith*, *supra,* 6 Cal.4th at p. 689.)

IV.     *Forfeiture of Arguments Not Raised on Appeal*

At the *Marsden* hearing, defendant argued that his attorney failed to adequately represent him for several reasons, such as failing to obtain certain discovery. But as appellant, it was incumbent on defendant to discuss all of his contentions in his opening brief, which he failed to do.[2]

An appellant who fails "to advance any pertinent or intelligible legal argument" abandons the claim. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1117.) Thus, our review is limited to those claims raised by defendant in his opening brief, accompanied by meaningful legal analysis, and supported by citations to authority and facts. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Accordingly, we disregard those contentions made by defendant during the *Marsden* hearing that were not appropriately raised and argued in his opening brief.

## DISPOSITION

The judgment is affirmed.

.

---

[2] Defendant also chose not to file a reply brief.

_____
MÁRQUEZ, J.

WE CONCUR:



_____
RUSHING, P.J.




_____
GROVER, J.